IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

SAMUEL P. KYDNEY,

    Defendant.

**8:13CR165**

**FINAL JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

### DUTY

It is your duty to decide from the evidence whether the defendant is guilty or not guilty of the crime charged. From the evidence, you will decide what the facts are. You are entitled to consider the evidence in the light of your own observations and experiences in life. You may use reason and common sense to draw deductions or conclusions from facts established by the evidence. You will then apply those facts to the law which I give you in these and other instructions. In that way, you will reach your verdict. You are the sole judges of the facts, but you must follow the law stated in my instructions whether you agree or disagree with the law stated in the instructions.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of a witness's testimony, or you may believe part of a witness's testimony, or you may decide that you do not believe any of a witness's testimony.

In deciding what testimony to believe, you may consider a witness's intelligence, the witness's opportunity to have seen or heard the things involved in the witness's testimony, a witness's memory, the motive a witness has for testifying a certain way, a

witness's manner while testifying, whether a witness has said something different at an earlier time, the general reasonableness of a witness's testimony and the extent to which the witness's testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law requires that your verdict be just, that is, unaffected by anything except the evidence, your common sense, and the law stated in my instructions.

Anything that I may say or do during the trial must not be taken by you as an indication of what I think of the evidence or what I think your verdict should be.

Finally, please remember that only the defendant, and not anyone else, is on trial here, and the defendant is on trial only for the crime charged, and not for anything else.

## INSTRUCTION NO. 2

## PRESUMPTION OF INNOCENCE

The law presumes that the defendant is innocent.  The defendant has no burden to prove that he is innocent.  Hence, even though the defendant stands charged, the trial begins with no evidence against him.

**INSTRUCTION NO. 3**

**CONSTITUTIONAL RIGHT NOT TO TESTIFY**

Because a defendant is not required to prove his or her innocence, a defendant's decision to exercise his or her constitutional right not to testify cannot be considered by you or discussed among jurors in arriving at your verdict.

**INSTRUCTION NO. 4**

**BURDEN OF PROOF**


The government carries the burden to prove beyond a reasonable doubt each essential element of the crime charged against the defendant.  A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence.  A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act.  Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it.  However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

**INSTRUCTION NO. 5**

**EVIDENCE; LIMITATIONS**

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pled not guilty. The defendant is presumed to be innocent unless proved guilty beyond a reasonable doubt.

The word "evidence" includes: the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated, that is, formally agreed to by the parties; and any facts that have been judicially noticed, that is, facts which I say you must accept as true.

The following things are not evidence:

1.     Statements, arguments, questions and comments by lawyers are not evidence.

2.     Objections are not evidence.

Lawyers have a right to object when they believe something is improper under the rules of evidence. You should not be influenced by the lawyer's objection or by my ruling on the objection. If I sustain an objection to a question, ignore the question. If I overrule the objection, treat the answer like any other answer. Do not attempt to draw any inference in favor of either side as the result of the objection.

3.     Testimony that I strike from the record or tell you to disregard is not evidence. You must not consider such information when reaching your verdict.

4.     Anything you see or hear about this case outside the courtroom is not evidence. You must disregard such information when reaching your verdict.

5.   A particular item of evidence is sometimes received for a limited purpose.  I will tell you when that situation arises and will instruct you on the purpose for which the evidence can and cannot be used.

6.   Finally, you may have heard the phrases "direct evidence" and "circumstantial evidence."  You should not be concerned with those phrases, since the law makes no distinction between the weight to be given to direct or to circumstantial evidence.  You should give all the evidence the weight and value which you believe that the evidence is entitled to receive.

**INSTRUCTION NO. 6**

**BENCH CONFERENCES AND RECESSES**

During this trial it may become necessary for me to talk with the lawyers outside your hearing, either by having a bench conference while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of the conference is to decide how certain evidence is to be treated under the rules of evidence or to decide a particular procedure to be followed in the case. We will do what we can to minimize the number and length of these conferences.

**INSTRUCTION NO. 7**

**NOTE-TAKING**

If you wish, you may take notes to help you remember what witnesses said. Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. Therefore, pay close attention to the testimony that is given.

If you do take notes, please keep your notes to yourself until you and the other jurors go to the jury room to decide the case. Do not let note-taking distract you to the point that you miss hearing other testimony from the witness.

During the trial, documents and other physical items may be received in evidence. You will not be supplied with a list of exhibits which are received in evidence. Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can locate and refer to exhibits while you are deliberating.

When we take our recess each day for the lunch-time break and when we take our recess each night, please take your notes to the jury room and leave your notes there. The courtroom deputy will take custody of your notes and secure them.

No one will read your notes but you. Your notes will be destroyed after the trial is over.

## INSTRUCTION NO. 8

## CONDUCT OF THE JURY

To insure fairness, you, as jurors, must obey the following rules:

1.    Do not talk among yourselves about this case or about anyone involved with this case until the end of the case when you go to the jury room to decide on your verdict.

2.    Do not talk with anyone else about this case or about anyone involved with it until the trial has ended and you have been discharged as jurors.

3.    During the course of this trial and when you are outside the courtroom, do not listen to or allow anyone to tell you anything about this case.  Do not allow anyone to talk to you about anyone involved with this case until the trial has ended and I have accepted your verdict.  If anyone tries to talk to you about this case during the trial, please promptly report the matter to me.

4.    During the trial do not talk with or speak to any of the parties, lawyers, or witnesses involved in this case.  Do not even pass the time of day with any of them. You must not only do justice in this case, but you must also give the appearance of doing justice. For instance, if a person from one side of the lawsuit sees you talking to a person from the other side, even if it is on a matter unconnected with this trial or simply to pass the time of day, such contact might arouse unwarranted suspicion about your fairness.  If a lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or encounter each other elsewhere while this trial is taking place,

remember that court rules prohibit those persons from talking or visiting with you as well.

5.    You must decide this case on the basis of evidence presented in the courtroom.  Therefore, do not read any news stories or articles about the case or about anyone involved with this case.  Do not listen to any radio or television reports about the case or about anyone involved with it.   Until the trial is over, avoid reading any newspapers and avoid listening to any TV or radio newscasts.  There may be news reports of this case, and if there are, you might find yourself inadvertently reading or listening to something before you realize what you are doing.

6.    Do not do any research or make any investigation on your own concerning this case.  Do not use or refer to any dictionary, reference, or law book, or the Internet, concerning any aspect of this case, including any evidence introduced.  Do not visit the scene of any incident mentioned in this case.

7.    Do not form any opinion regarding any fact or issue in the case until you have received the entire evidence, have heard arguments of counsel, have been instructed as to the law of the case, and have retired to the jury room.  Do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and have discussed the evidence with the other jurors.

8.    Do not be influenced by sympathy or prejudice. Do not indulge in any speculation, guess, or conjecture.  Do not make any inferences unless they are supported by the evidence.

## INSTRUCTION NO. 9

## OUTSIDE COMMUNICATIONS AND RESEARCH

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom because the parties must have an opportunity to respond to any information you consider in deciding this case. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or corporations involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, Web sites, blogs, chat rooms, social networking Web sites including Facebook, My Space, LinkedIn or YouTube, or use your cell phones, iPhones, text messaging, Twitter or any other electronic tools or devices to obtain information about this case or to help you decide the case.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. I hope that for all of you this case is interesting and noteworthy. However, until you have returned a verdict and the case is at an end, you must not talk to anyone or communicate with anyone about the case by any means, electronic or otherwise. This includes communications with your family and friends. Such communication would compromise your fairness as jurors and may require your removal from the case and a retrial of this matter at considerable expense to the parties.

**INSTRUCTION NO. 10**

**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

The government, through the Assistant United States Attorney, will make an opening statement. The defendant may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence, and the defendant may cross-examine witnesses who have testified in the government's case. After the government has presented its case, the defendant may, but does not have to, present evidence, testify, or call witnesses. If a defendant calls witnesses, government counsel may cross-examine those witnesses.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. I will instruct you further on the law. After that you will retire to deliberate on your verdict.

When you reach your verdict, we will return to the courtroom where your foreperson will deliver the verdict to me. After the verdict is announced, one of the lawyers may ask that the jury be polled, that is, that you each be asked individually whether the verdict is your true verdict.

Once you have delivered your verdict, you will be discharged and will be free to leave.

**INSTRUCTION NO. 11**

**NATURE OF THE CASE; NATURE OF INDICTMENT**

This is a criminal case brought by the United States of America against the defendant, Samuel P. Kydney, Case No. 8:13CR165. The parties to this criminal lawsuit are the government, represented by Douglas R. Semisch, and the defendant, Samuel Kydney, represented by counsel Andrew J. Wilson. The charge against the defendant is set forth in an indictment. You must understand that the indictment is simply an accusation. The indictment is not evidence. In order to help you follow the evidence in this case, I will now summarize the crime charged in the indictment which the government must prove beyond a reasonable doubt.

The indictment charges that

On or about April 2, 2013, in the District of Nebraska, on the Santee Sioux Indian Reservation, the defendant, Samuel Kydney, a Native American male, did assault C.J., a non-Native American male, by placing C.J. in reasonable apprehension of receiving bodily injury, in that the defendant Samuel P. Kydney, did shoulder a rifle and point it directly at C.J. after having discharged the weapon several times.
In violation of Title 18, United States Code, Sections 1152 and 113(a)(5).

The defendant has pled not guilty to the charge of the indictment. Because he has pled not guilty, the law requires you to presume Samuel Kydney to be innocent. This presumption of innocence may be overcome only if the government proves, beyond a reasonable doubt, each element of the crime charged against the defendant.

**INSTRUCTION NO. 14**

**ASSAULT—ELEMENTS OF OFFENSE**

The crime of assault, as charged in the indictment, has four elements, which are:

1.  The defendant, Samuel Kydney, is Native American;

2.  The victim, C.J., is not Native American;

3.  The defendant assaulted C.J. (as defined below) by intentionally shouldering a rifle and pointing it at C.J., after discharging the weapon several times; and

4.  The incident occurred on the Santee Sioux Indian Reservation, which is within the territorial jurisdiction of the United States.

With respect to elements 1, 2, and 4 set forth above, you are instructed that the parties have stipulated that the defendant is Native American, C,J. is not Native American and the alleged incident took place within the confines of the Santee Sioux Indian Reservation in the District of Nebraska.  Therefore, you must treat those facts as having been proved.

For purposes of this instruction, an "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt or threat is made in fear of immediate bodily harm.

If you find the government has proved all of these elements beyond a reasonable doubt, then you must find the defendant guilty of this crime.  If you find the government has not proved all of these elements beyond a reasonable doubt, you must find the defendant not guilty of this crime.

# INSTRUCTION NO. 16

## PROOF OF INTENT OR KNOWLEDGE

Intent or knowledge may be proved like anything else.  You may consider any statements made and acts done by the defendant and all the facts and circumstances in evidence which may aid in a determination of the knowledge or intent of the defendant.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

**INSTRUCTION NO. 17**

**"ON OR ABOUT"—EXPLAINED**

The indictment charges that the offense was committed "on or about" a certain date or period of time. It is not necessary that the proof establish with certainty the exact date of the alleged offense. It is sufficient if the evidence shows beyond a reasonable doubt that said offense was committed on a date reasonably near the date alleged.

**INSTRUCTION NO. 18**

**INTRODUCTION**


Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.  I now give you some additional instructions.  You must continue to follow the instructions I gave you earlier as well as those I give you now.  Do not single out some instructions and ignore others.  I urge you to review the instructions I gave you at the beginning of the trial before you begin to deliberate.  You should take your notebooks to the jury room with you.

**INSTRUCTION NO. 19**

**DISPOSITION OF CHARGE**


At the beginning of the trial I told you that the defendant was accused of two different crimes:  making terroristic threats and assault.  Since the trial started, however, one of these charges has been disposed of, the one having to do with terroristic threats. That charge is no longer before you, and the only crime that the defendant is charged with now is assault.

You should not guess about or concern yourselves with the reason for this disposition.  You are not to consider this fact when deciding if the government has proved, beyond a reasonable doubt, the count that remains, which is assault.

**INSTRUCTION NO. 20**

**REASONABLE DOUBT**


The law presumes a defendant to be innocent of a crime. Thus a defendant, although accused, begins the trial with a "clean slate"—with no evidence against him or her. And the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case. It is not required that the government prove guilt beyond all possible doubt.

The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act in the most important of his or her affairs. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

A defendant is never to be convicted on mere suspicion or conjecture. The burden is always on the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant, for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

So, if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must acquit. If the jury views the evidence in the case as reasonably permitting either of two

conclusions—one that the defendant is guilty and the other that the defendant is not guilty—the jury must, of course, adopt the conclusion that the defendant is not guilty.

**INSTRUCTION NO. 21**

**REASONABLE INFERENCES**


While you should consider only the evidence in the case, you are permitted to draw reasonable inferences from the testimony and exhibits that you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

**INSTRUCTION NO. 22**

**CREDIBILITY OF WITNESSES**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**INSTRUCTION NO. 23**

**NOTES**


Some of you may have taken notes during the trial; others of you may have chosen not to take notes.  If you did take notes, remember that those notes are not themselves evidence, but are instead merely memory aids.  You must reach a verdict based upon your independent recollection of the evidence presented during the trial, not upon your notes or another juror's notes.  Notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

**INSTRUCTION NO. 24**

**ELECTION OF FOREPERSON; DUTY TO DELIBERATE**

In conducting your deliberations and returning your verdict, there are certain rules you must follow.  I shall list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson.  That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  You should try to reach agreement because a verdict—whether guilty or not guilty—must be unanimous.  Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if a defendant is found guilty, the sentence to be imposed is my responsibility.  You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the U.S. Marshal or the courtroom deputy, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Remember that you should not tell anyone—including me—how your votes stand numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take the verdict form to the jury room, and when each of you has agreed on a verdict for the defendant, your foreperson will fill in the form, sign and date it, and advise the marshal or courtroom deputy that you are ready to return to the courtroom.